The Honorable Dan Harmon Prosecuting Attorney Seventh Judicial District 102 South Main, P.O. Drawer 999 Benton, Arkansas 72015
Dear Mr. Harmon:
This is in response to your request for an opinion on the dissolution of the Saline County Rural Development Authority. Specifically, you indicate that the Authority was created under A.C.A. 14-188-101 to -122, and note that A.C.A.14-188-104 sets out the manner in which rural development authorities can be activated. You questions with regard to these facts are as follows:
 Since the statute does not provide for the dissolution, can the authority in fact be dissolved after it goes into operation? If it can be dissolved, can it be done by the County Judge by his own declaration, or must the Quorum Court take action? If Quorum Court action is required then what appropriate action must occur in order to dissolve the Saline County Rural Development Authority?
It is my opinion, in response to your questions, that the Authority cannot be dissolved entirely, but it can be "deactivated" by repeal of the initial county court resolution activating it. In my opinion this repeal must be accomplished by a resolution of the quorum court.
Section 14-188-104 creates, in each county of the state, a public body to be known as the rural development authority. The authority is not to transact any business or exercise its powers, however, unless the county court, upon its own motion, or after a petition of residents, adopts a resolution declaring the need for the authority. Presumably, such a resolution was adopted at some point by the Saline County "county court."
The Saline County Rural Development Authority may not be entirely dissolved because it is created by operation of law in each county by virtue of A.C.A. 14-188-104. There is no provision of this subchapter authorizing the dissolution of the Authority. In my opinion, however, the Authority may be "deactivated" by repeal of the resolution mentioned above. The relevant subchapter, A.C.A. 14-188-101 to -122, was enacted by the General Assembly prior to the adoption of Amendment 55 to the Arkansas Constitution.[1] The subchapter thus refers to the "county court" as having authority to adopt the resolution. It is my opinion, since the passage of Amendment 55 and Act 742 of 1977, that the quorum court is the appropriate body to now repeal this resolution. See generally, Amendment 55, 1, and A.C.A. 14-14-901. Additionally, it is my opinion that the resolution must be repealed by a resolution. See A.C.A.14-14-904(m).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] It is unclear, in my opinion, whether A.C.A. 14-14-712, which relates to the reorganization of county "boards" and "commissions" existing at the time of adoption of Amendment 55, and grants counties the authority to reorganize such boards by county ordinance, applies to a county "rural development authorities" activated under A.C.A. 14-188-104. In any event, you have not indicated that any local ordinance controls the issue.